IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GEORGE KENNETH BENTON | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-68 |
| UNITED STATES OF AMERICA | § | |

### ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant George Kenneth Benton, a federal prisoner, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends denying the motion to vacate, set aside or correct sentence.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that movant's objections lack merit for the reasons stated in the Magistrate Judge's Report and Recommendation.

Citing *Nelson v. Colorado*, __ U.S. __ , 137 S. Ct. 1249 (2017), movant contends he was denied due process when the court considered relevant conduct in assessing his sentence. In *Nelson*, the United States Supreme Court held that it violated due process for the State of Colorado to require defendants whose convictions had been invalidated to prove their innocence by clear and convincing evidence before refunding fees, court costs, and restitution. *Nelson*, 137 S. Ct. at 1252. Because movant does not allege that he was ordered to pay fees, court costs, or restitution based on conduct for which he was acquitted, *Nelson* has no bearing on his case. Movant argues that the Supreme Court's holding in *Nelson* prevents the sentencing court from considering relevant conduct in assessing punishment, but *Nelson* does not address the use of relevant conduct in sentencing. Further, it is well-established that the district court may consider any information which has sufficient indicia of reliability. *United States v. Watts*, 519 U.S. 148, 156 (1997) (holding that the sentencing court is allowed to consider conduct underlying an acquitted charge, as long as the conduct is proved by a preponderance of the evidence); *United States v. Ramirez*, 271 F.3d 611, 612 (5th Cir. 2001); *see also United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014) (noting that relevant conduct determinations that increase the guidelines range do not have to be found by a jury).

In this case, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial

showing, movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the motion was denied on procedural grounds, movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Id.* at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81.

Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. The questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

O R D E R

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **19** day of **June, 2018.**

_____
Ron Clark, United States District Judge